# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WOORI AMERICA BANK, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SAHARA WESTWOOD HOTEL, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:10-cv-00358-KJD-PAL <br><br> **REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court on Plaintiff Woori America Bank's failure to comply with this court's Order (Dkt. #22) and Order to Show Cause (Dkt. #23).

On November 24, 2010, the court granted attorney Michael D. Stein's motion to withdraw as counsel of record and gave Plaintiff until December 13, 2010, in which to retain counsel. *See* Order, Dkt. #22. The Order directed the Clerk of the Court to serve Plaintiff with a copy of the Order at its last known address provided by its former counsel and advised Plaintiff that its failure to timely comply with the order "may result in the recommendation to District Judge for sanctions, including case-dispositive sanctions." Plaintiff failed to retain counsel and did not request an extension of time in which to comply with the court's Order.

On December 22, 2010, the court entered an Order to Show Cause (Dkt. #23) based on Plaintiff's failure to comply with the court's previous Order (Dkt. #22). The court directed Plaintiff to show cause in writing no later than January 6, 2011, why it had not complied with the court's Order (Dkt. #22). Plaintiff has failed to file a response to the Order to Show Cause (Dkt. #23), has not requested an extension of time in which to do so, or retained counsel.

Counsel for Plaintiff was permitted to withdraw based on his representations that the attorney client relationship had deteriorated because Plaintiff had failed to respond to counsel's phone calls

and letters. Plaintiff's willful failure to comply with the court's orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has wilfully refused to comply with multiple court Orders and the Local Rules of Practice.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED unless Plaintiff retains counsel who files a Notice of Appearance in accordance with the Local Rules on or before **January 25, 2011.**

Dated this 12th day of January, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

### **NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within ten (10) days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.